IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY RANDALL HOOKS, | § | |
| CID # 928685, | § | |
| PETITIONER, | § | |
| | § | |
| v. | § | NO. 3:03-CV-1548-M |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, subject

cause has previously been referred to the United States Magistrate Judge. The findings, conclusions,

and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A. Nature of the Case:** This is a petition for writ of habeas corpus by a state prisoner under

28 U.S.C. § 2254.

**B. Parties:** Petitioner Corey Randall Hooks is an inmate currently incarcerated in the Texas

Department of Criminal Justice, Correctional Institutions Division. Respondent Douglas Dretke is

the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. Factual and Procedural History:** On June 2, 2000, a jury found Hooks guilty of

aggravated sexual assault and assessed his punishment at 50 years' confinement.[1] (1 State Habeas

---

[1]On the same day, the jury also found Hooks guilty of robbery, arising out of the same incident, and assessed his punishment at a concurrent, 15-year sentence. (2 State Habeas R. at 78.) Hooks does not challenge this conviction in the instant action. (Federal Pet. at 2.)

R. at 75.)  The Eleventh District Court of Appeals affirmed the trial court's judgment, but Hooks did

not file a petition for discretionary review.  *Hooks v. State*, 73 S.W.3d 398 (Tex. App.—Eastland

Feb. 14, 2002).   On March 17, 2003, Hooks filed a state application for habeas corpus relief

challenging his conviction for aggravated sexual assault, which the Court of Criminal Appeals

denied without written order on the findings of the trial court.  *Ex parte Hooks*, No. 55,819-01 (Tex.

Crim. App. June 18, 2003) (not designated for publication).[2]  Hooks filed his federal petition for writ

of habeas corpus and supporting memorandum in the United States District Court for the Northern

District of Texas, Dallas Division, on September 5, 2002.[3]  *See* RULES GOVERNING SECTION 2254

CASES 3(d) (mandating timeliness determined by date petition placed in institution's internal mailing

system); *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam) (holding, under prison

mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

    **D.  Issue**: Hooks argues that appellate counsel was constitutionally ineffective, depriving

Hooks of proper appellate review.

    **E. Exhaustion:**  Dretke believes Hooks has sufficiently exhausted available state remedies

on the issue presented and thus does not move for dismissal on this ground.

## II. STANDARD OF REVIEW

    Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under

a state court judgment shall not be granted with respect to any claim that was adjudicated on the

merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a

---

[2]Hooks filed a separate state habeas application, challenging his robbery conviction, which the Court of Criminal Appeals denied without written order on the trial court's findings.  *Ex parte Hooks*, No. 55,819-02 (Tex. Crim. App. June 18, 2003) (not designated for publication).

[3]Although Hooks initially filed his federal petition in the United States District Court for the Northern District of Texas, Wichita Falls Division, the petition was transferred to this Division.  28 U.S.C. § 2241(d).

decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### III. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In his sole claim for relief, Hooks contends that his appellate counsel was constitutionally ineffective. (Pet. at 7; Pet'r Mem. in Supp. at 2.) The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A claim of ineffective assistance of counsel is measured under a two-pronged standard by which a petitioner must show

(1) that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and (2) prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Id.* at 697.

Claims of ineffective assistance of appellate counsel are also subject to the strict *Strickland* standard. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). To establish deficient performance, Hooks must show that counsel unreasonably failed to discover and raise nonfrivolous issues. *Id.* To establish prejudice, Hooks must demonstrate that, but for counsel's error, he would have prevailed on appeal. *Id.*

**A.**      **Failure to Object to Amendment of Appellate Record**

Hooks claims that his appellate counsel was constitutionally ineffective for failing to object to an improper amendment of the appellate record. (Pet'r Mem. in Supp. at 2-7.)

After the punishment phase of Hooks's trial, the trial court read the charge, to which neither the State nor Hooks objected, to the jury. (5 R.R. at 27-28.) During closing jury argument, the prosecutor stated that Hooks would be eligible for parole on his conviction for aggravated sexual assault when he had served one-half of his sentence or thirty years, whichever is less. (5 R.R. at 29.) Under Texas law, a defendant convicted of aggravated sexual assault is eligible for parole when "the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn." TEX. CODE CRIM. PROC. ANN. art. 37.07, §

4(a) (Vernon Supp. 2004-05).  However, the charge included in the Clerk's Record stated that Hooks

would be eligible for parole when his "actual time served plus any good conduct time earned equals

one-fourth of the sentence imposed."  (54019 C.R. at 40.)

On appeal, Hooks's appellate counsel[4] raised the issue that the jury charge incorrectly stated

Hooks's parole eligibility, and the appellate court abated the appeal for an evidentiary hearing in the

trial court.  TEX. R. APP. P. 34.5(d); *cf. id.* 34.6(e) (stating procedure to correct inaccuracies in the

Reporter's Record).  The trial court found that the jury charge included in the Clerk's Record was

not the jury charge that was read and given to the jury.  The court of appeals subsequently concluded

that the jury received the correct parole instruction:

> One of the trial prosecutors and [Hooks's] trial lawyer testified that the copies of the
> charge in their files contained the correct parole law; these copies were introduced
> into evidence.  Both lawyers testified that, had the trial court read an incorrect charge
> to the jury, they would have objected.  The court reporter testified that she would
> have recorded any objections during the reading of the charge even though she did
> not record the reading of the charge.  The trial court noted that the record reflects
> that, during the prosecutor's argument on punishment, the prosecutor stated the
> correct parole law for aggravated sexual assault to the jury.
>
> The trial court also noted for the record that it was aware of the correct parole
> law for an aggravated sexual assault charge and that it would have noticed incorrect
> parole language during the reading and would have corrected the charge.  The trial
> court acknowledged that the punishment jury charge contained in the clerk's file
> contained an incorrect parole instruction.  At the conclusion of the hearing, the trial
> court entered detailed findings of fact.  The trial court found that the charge in the
> clerk's record was not the charge given, that a correct charge was given to the jury
> because the State's and [Hooks's] copies of the jury charge contained a correct
> parole instruction, that the court read the correct jury charge immediately before the
> jury retired to deliberate, and that the correct parole law was argued to the jury.
> There is no evidence that the jury received the wrong instruction.

*Hooks*, 73 S.W.3d at 400.

---

[4]Hooks's trial counsel did not represent him on appeal.

Hooks argues that he was denied proper appellate review when his appellate counsel failed to object to the trial court hearing on abatement as well as the constructive amendment of the Clerk's Record.  (Pet'r Mem. in Supp. at 5-7.)  The purpose of the amendment procedures provided for in the Texas Rules of Appellate Procedure is to create an accurate record on appeal.  *Blondett v. State*, 921 S.W.2d 469, 477 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd).  The procedures are to be liberally construed so that appellate courts may decide cases on the substance rather than on procedural technicalities.  *Lomax v. State*, 153 S.W.3d 582, 584 (Tex. App.—Waco 2004, no pet.).  The actions of the court of appeals and trial court were in line with these ideals and were proper under the appellate rules; thus, appellate counsel had no basis on which to object.  Appellate counsel was not deficient.  *See, e.g., Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997) (holding counsel not deficient for failing to request competency hearing where there was no indication of incompetency), *cert. denied*, 523 U.S. 1099 (1998); *Lauti v. Johnson*, 102 F.3d 166, 170 (5th Cir. 1996) (holding counsel not deficient for failing to object to proper jury instruction), *cert. denied*, 521 U.S. 1126 (1997); *Marshall v. Cabana*, 835 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) (holding counsel not deficient for failing to make meritless argument).

## B.      State Court Consideration of Claims

Hooks raised his claim of ineffective assistance of appellate counsel during state collateral review proceedings, and the claim was rejected by the state habeas courts.  A claim of ineffective assistance is a mixed question of law and fact.  *Strickland,* 466 at 698.  Thus, a federal habeas court cannot grant relief unless the state court's rejection of the claim involved an unreasonable application of the law to the facts.  28 U.S.C. § 2254(d).

The decision of the state courts with respect to petitioner's ineffective assistance claim is

consistent with *Strickland*, the applicable Supreme Court precedent.  The decision involved no unreasonable application of such precedent.  The adjudication of the claim did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented to the state court.  Thus, Hooks is not entitled to relief.  28 U.S.C. § 2254(d).

## IV. SUMMARY

Hooks is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest.  Accordingly, the state courts' determination that Hooks was not entitled to relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## V. EVIDENTIARY HEARING

Upon review of the pleadings filed and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.  RULES GOVERNING SECTION 2254 CASES 8(a).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the request for habeas corpus relief brought under 28 U.S.C. § 2254.

SIGNED May 17th, 2005.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Under 28 U.S. C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objection to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8